UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| CLEO TIDWELL, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No.: 3:18-MC-00066 |
| | ) | REEVES/POPLIN |
| R.M. HOPKINS and LAWRENCE CIRCUIT CLERK, | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

This is a pro se prisoner's complaint.[1] On December 21, 2018, the Clerk docketed Plaintiff's complaint [Doc. 1] and sent Plaintiff a notice of deficiency notifying him that he must pay the filing fee or submit an application to proceed *in forma pauperis* in order to proceed in this action [Doc. 2]. Plaintiff returned this notice to the Clerk with a notation indicating that he did not intend to file an action, but rather requested that the Court transfer his complaint to Lawrence County under § 1406(a) [Doc. 4 p. 1].

The general venue statute for federal district courts provides in relevant part as follows:

> A civil action may be brought in—(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

---

[1] While Plaintiff states that he did not intend to file an action in this Court [Doc. 4 p. 1], it is apparent that Plaintiff seeks relief from the Court based on allegations that Defendants have denied him due process and/or abused their power, though the only relief Plaintiff seeks is acknowledgment of his complaint by stamping "received" on it [*Id.*]. Regardless, as the Court is not the proper venue for this action for the reasons set forth herein, the Court will allow the Southern District of Illinois to determine how to categorize Plaintiff's complaint.

28 U.S.C.A. § 1391(b)(1)-(3). A federal district court may transfer a civil action to any district or division where it could have been filed originally. 28 U.S.C. § 1404(a).

In his complaint, Plaintiff claims that the Lawrence County Circuit Court has denied him due process and abused its power by not acting on any of the petitions and/or letters he has sent to that court regarding conditions at a prison over which it has jurisdiction and for which it is the proper venue [Doc. 1 p. 1]. As relief, Plaintiff requests that this Court acknowledge his complaint by stamping "received" on it, which he states "will be more than [he] has received from the Lawrence Circuit Court last year and 2018" [*Id.*].

There is no Lawrence County in the Eastern District of Tennessee, however. 28 U.S.C. § 123. Further, Plaintiff is incarcerated in Menard, Illinois [*Id.* at 2], has named a "Circuit Clerk" and a Circuit Court Judge from Lawrence County, Illinois in his complaint [*Id.* at 1], and requests that this Court transfer this action pursuant to § 1406(a) [Doc. 4 p. 1]. Accordingly, it is apparent that the events underlying Plaintiff's complaint occurred in Lawrence County, Illinois, which lies within the Southern District of Illinois. 28 U.S.C. § 93(c). The Court therefore concludes that the proper venue for this case is the United States District Court for the Southern District of Illinois. *See O'Neill v. Battisti*, 472 F.2d 789, 791 (6th Cir. 1972) (per curiam) (finding that venue in a suit against a public official lies in the district where he performs his official duties).

As the Court is authorized to transfer a case such as this to another District "in the interest of justice," 28 U.S.C. § 1406(a), the Clerk will be **DIRECTED** to transfer this action to the United States District Court for the Southern District of Illinois and to close this Court's file.

**AN APPROPRIATE ORDER WILL ENTER**.

**UNITED STATES DISTRICT JUDGE**